UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NATALIE SUE WECKBACHER,**

      **Plaintiff,**

v.

      Civil Action 2:11-cv-00659
      Judge Algenon L. Marbley
      Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of the July 10, 2012 Report and Recommendation of the Magistrate Judge. (ECF No. 16.) The Magistrate Judge recommended that the Court affirm the decision of the Commissioner of Social Security ("Commissioner"). On July 2, 2012, Plaintiff filed her Objections to the Report and Recommendation. (ECF No. 17.) For the following reasons, Plaintiff's Objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**. Accordingly, the decision of the Commissioner is **AFFIRMED**.

Plaintiff filed applications for disability alleging that she became disabled on April 5, 1997 due to a variety of conditions including mental impairments.[1] On July 20, 2010, an Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. The ALJ specifically found that Plaintiff did not have a severe impairment or combination of impairments. In reaching this determination, the ALJ relied on the opinion of state agency

---

[1] The Report and Recommendation contains a detailed summary of the administrative testimony and medical evidence in this case. (See Report & Recommendation 2-10, ECF No. 16.)

physician Dr. Joan Williams who opined that Plaintiff did not have a severe mental impairment. The ALJ rejected the opinions of Dr. Gary Sarver and psychologist John Atkinson, Jr.

On July 10, 2012, the Magistrate Judge recommended that the Court affirm the decision of the Commissioner.  The Magistrate Judge found that Plaintiff had waived any argument that her physical conditions amounted to a severe impairment.  Although the Magistrate Judge observed that the Court would also be justified in finding waiver with regard to Plaintiff's mental impairments, the Magistrate Judge went on to evaluate the ALJ's determination that Plaintiff did not have a severe mental impairment.  The Magistrate Judge ultimately concluded that substantial evidence supported the ALJ's determination.  Plaintiff maintains that the Magistrate Judge erred in finding that she had waived her severe impairment argument.  Additionally, Plaintiff appears to contend that substantial evidence does not support the ALJ's severe impairment decision.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").

Following *de novo* review, the Court agrees with the determinations of the Magistrate

Judge.  First, reviewing Plaintiff's Statement of Errors, it is clear that Plaintiff waived any argument that her physical impairments were severe due to a lack of development.  As the Magistrate Judge provided**:**

> In this case, despite the extensive nature of the record, Plaintiff offers minimal development of the severe impairment issue. Within her Statement of Errors, Plaintiff offers less than two pages of briefing on the issue.  This briefing consists of a general description of severe impairment law, a brief summary of the ALJ's decision, and a paragraph of case specific analysis.  Within the analysis, Plaintiff fails to cite to any specific medical evidence within the record and instead relies on a few references to Plaintiff's testimony.
>
> Under these circumstances, the undersigned finds that Plaintiff has waived any argument that Plaintiff's physical impairments, alone or in combination, amount to a severe impairment.  With regards to her physical condition, Plaintiff only offers the cursory contention that the record is replete with physical treatment.  She offers no guidance to the Court, however, as to which of her physical conditions, and what medical evidence, supports a severe impairment finding.

(Report & Recommendation 16, ECF No. 16.)

Second, the Court finds that substantial evidence supports that ALJ's finding that Plaintiff did not have severe mental impairment, or combination of impairments.  Even disregarding gaps within Plaintiff's treatment history, which Plaintiff stresses were due to her incarcerations, a variety of other reasons support the ALJ's severe impairment determination.  Once again, the Magistrate Judge's analysis is persuasive:

> Substantial evidence supports the ALJ's conclusion that Plaintiff's mental impairments were not severe. Despite her alleged onset date in April 1997, Plaintiff was able to graduate from high school in 2001 and then complete three years of college. Furthermore, the record evidence suggests that Plaintiff engages in relatively extensive daily activities.  For example, on July 20, 2007, Plaintiff self-reported cooking, cleaning, doing laundry, shopping, and socializing with friends and family. (R. at 330–32.)  Similarly, in August 2007, Plaintiff informed Dr. Sarver that she participated in various "day-to-day demands including shopping, bill paying, and household management."  (R. at 1373.)  The record reflects that Plaintiff has worked during various portions of her alleged disability period including a sixth month period as a waitress and a five month period as a telemarketer. (R. at 1373, 1540.)  At the time of the administrative hearing, Plaintiff had begun another waitress position and

> was expecting to work twenty to thirty hours per week. (R. at 1533–34.) Although Plaintiff suggests that she is unable to hold onto positions due to her mental limitations, as the ALJ noted, the record suggests other possible reasons for Plaintiff's sporadic work history. In August 2007, for example, it appears Plaintiff herself indicated that she could do more work, and receive better positions, if it was not for her criminal record. (R. at 1390.)
>
> Much of the medical record also supports the ALJ's conclusion with regard to a lack of any severe impairments. Most directly, in September 2007, Dr. Williams opined that Plaintiff did not have a severe mental impairment. She further opined that Plaintiff had no more than mild limitations in activities of daily living, social functioning, and concentration, with no episodes of decompensation. *See* 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1) (indicating that if limitations in these areas are mild or none, a finding of no severe impairments generally follows). Dr. Williams stressed that these findings were consistent with Plaintiff's ability to perform the challenging role of a public waitress. Dr. Chambly affirmed this opinion in March 2008. Given the relatively extensive nature of Plaintiff's activities, the functional opinions of these reviewing physicians appear consistent with the record. Furthermore, in 2008, when Plaintiff's substance abuse was in early remission, Plaintiff was assigned a GAF of 70, placing her at the high end of a score range suggesting only mild symptoms.

(Report & Recommendation 18–19, ECF No. 16.)

For the above reasons, as well as the reasoning outlined by the Magistrate Judge in her Report and Recommendation, Plaintiff's Objections (ECF No. 17) are **OVERRULED** and the Report and Recommendation is **ADOPTED** (ECF No. 16). The decision of the Commissioner is therefore **AFFIRMED**.

    **IT IS SO ORDERED.**

                                                s/Algenon L. Marbley
                                                **ALGENON L. MARBLEY**
                                                **UNITED STATES DISTRICT COURT**

**DATED: September 24, 2012**